En el Tribunal Supremo de Puerto Rico

| In Re:                   | Expediente Personal |
|--------------------------|---------------------|
| Elsie L. Prieto Ferrer   | 98TSPR156           |

Número del Caso: TS-8710

Abogado de la Parte Querellante:     Lcda. Carmen H. Carlos
                                     Directora Oficina Inspección
                                     de Notaria

Abogado de la Parte Querellada:      Por Derecho Propio

Fecha: 11/20/1998

Materia: Remisión Tardía

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Elsie L. Prieto Ferrer          TS-8710

PER CURIAM

San Juan, Puerto Rico, a 25 de noviembre de 1998

Mediante comunicación del 21 de noviembre de 1997, la Lic. Carmen H. Carlos, Directora de Inspección de Notarias, nos comunicó que la notario del epígrafe había incurrido en la siguiente conducta:

"Incumplimiento del Artículo 12 de la Ley Notarial, Ley 75 del 2 de julio de 1987 y Regla 12 del Reglamento Notarial de Puerto Rico, no envió de los Índices Notariales de los meses de Abril, Mayo, Junio, Julio, Agosto, Septiembre de 1997; y remisión tardía de Índices Notariales correspondientes a enero, mayo, septiembre, octubre, noviembre y diciembre de 1996; enero, febrero 1997.

Incumplimiento de la Regla 13 del Reglamento Notarial, no presentación del Informe Estadístico Anual años 1995 y 1996.

Inobservancia de la Regla 11 del Reglamento Notarial, sobre Notificación de cambio de dirección residencial y profesional".

A tenor con dicha comunicación, el 16 de enero de 1998, concedimos término a la Lcda. Elsie L. Prieto Ferrer

para que procediera a corregir las deficiencias mencionadas en la referida comunicación. Mediante "Moción en Cumplimiento de Orden", de 2 de marzo de 1998, la licenciada Prieto Ferrer nos comunicó haber cumplido lo ordenado por este Tribunal el 16 de enero de 1998. Expuso sus razones para la dilación o incumplimiento de las disposiciones reglamentarias señaladas por la Directora de Inspección de Notarias en la mencionada comunicación. Añadió, "que en última instancia, la Notario suscribiente solicita se le permita renunciar a la Notaría, mientras ocupe su puesto en el gobierno."

Trasladado dicho escrito a la Directora de Inspección de Notarías para que expresara su posición en relación al mismo, el 22 de abril de 1998 nos informó que "aún no se han recibido los índices notariales correspondientes a los meses de diciembre de 1995; julio, agosto, noviembre, y diciembre de 1996 y abril de 1997". En vista de ello, el 12 de mayo de 1998, concedimos un nuevo término a la Notario para que respondiera a lo expresado por la Directora.

El 17 de julio de 1998, la licenciada Prieto Ferrer presentó un nuevo escrito en el cual informó que "en el día de hoy estamos sometiendo los Informes Notariales correspondientes a los meses de diciembre de 1995, julio, agosto, noviembre y diciembre de 1996". Informó, además,

que el informe correspondiente al mes de abril de 1997 había sido presentado el 8 de marzo de 1998.

En cumplimiento de nuestra orden para que mostrara causa por la cual no debíamos sancionarle por la conducta antes descrita, la justificación ofrecida por dicha Notario para la dilación en la presentación de los mencionados índices notariales, es "que he tenido problemas con el correo".

En su comparecencia del 17 de octubre de 1998, la Directora nos informa que "entre el período comprendido desde el 2 de marzo de 1998 hasta el 17 de julio de 1998, la Notario dio cumplimiento a la Resolución de esta Superioridad de fecha 16 de enero de 1998, y al día de hoy su expediente se halla en orden".

Igualmente, manifiesta la Directora en dicho escrito que "similar conducta como la que ahora nos ocupa ha sido anteriormente objeto de atención y seguimiento por nuestra Oficina. Obra en el expediente de la notario, a partir del año 1993, continuos avisos para que presente en tiempo sus índices notariales". Recomienda, además, que se evalúe la solicitud de la Lic. Prieto Ferrer de entregar su Notaría dentro del contexto que hemos explicado.

A la luz de los escritos presentados tanto por la mencionada notario como los informes de la Directora de Inspección de Notarías, procede la suspensión de la Lic.

Elsie L. Prieto Ferrer del ejercicio de la notaría en Puerto Rico, por su repetida inobservancia de los deberes que le impone la Ley Notarial de Puerto Rico y su Reglamento.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

    Elsie L. Prieto Ferrero               TS-8710

SENTENCIA

San Juan, Puerto Rico, a 25 de noviembre de 1998

    Por los fundamentos expuestos en la Opinion Per Curiam que antecede, la cual se hace formar parte de la presente sentencia, se decreta la suspensión de la Lic. Elsie L. Prieto Ferrer del ejercicio de la notaría en Puerto Rico, por su repetida inobservancia de los deberes que le impone la Ley Notarial de Puerto Rico y su Reglamento.

    Se ordena al Alguacil General de este Tribunal incautarse de los protocolos, registros de affidavits y el sello notarial de dicha notario.

    Lo pronunció, manda el Tribunal y certifica la Subsecretaria del Tribunal Supremo. Los Jueces Asociados señora Naveira de Rodón y señor Corrada del Río no intervinieron.

                              Carmen E. Cruz Rivera
                         Subsecretaria del Tribunal Supremo